O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2845 AHM<br>United States Bankruptcy Court for the Central District, 09-32456-AA | Date | May 11, 2010 |
|---|---|---|---|
| Title | GRANT AFRICAN METHODIST EPISCOPAL CHURCH OF LOS ANGELES v. LESLIE R. WHITE | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:           Attorneys **NOT** Present for Defendants:

**Proceedings:**        IN CHAMBERS (No Proceedings Held)

On August 22, 2009, Grant African Methodist Episcopal Church of Los Angeles ("Debtor") filed a voluntary petition under chapter 11 of the Bankruptcy Code. (Bankruptcy Case No. 09-32456-AA.) On December 9, 2009, it filed an Adversary Proceeding ("AP") in the Bankruptcy Court against Defendant Leslie R. White, the former CEO of the Church. (Adv. Proc. No. 09-02985-AA.) The AP states causes of action for: (1) conversion; (2) fraud/misrepresentation; (3) breach of fiduciary duty; (4) turnover of the estate; (5) avoidance of transfer under 11 U.S.C. § 544; (6) recovery and preservation of avoided transfers pursuant to 11 U.S.C. §§ 550(a), 551; (7) unjust enrichment; and (8) imposition of a constructive trust. In the AP, Debtor alleges that Defendant defrauded the Church by taking out a $500,000 loan on a home that the Church deeded to Defendant (the "Parsonage"). (AP Compl. ¶¶ 6-8.) Debtor further alleges that Defendant used some of the $500,000 as a down-payment on a home in West Covina, CA. (*Id*. ¶ 10.) After Defendant deeded the Parsonage back to the Church, the Parsonage was sold to a third-party, and, Debtor alleges, over $500,000 of the proceeds of the sale was used to pay back the mortgage that Defendant obtained on the Parsonage. (*Id*. ¶¶ 11-13.)

Debtor has moved to withdraw the reference of the entire AP from the Bankruptcy Court pursuant to 28 U.S.C. § 157(d). Defendant has filed a notice of non-opposition to the motion.

According to Debtor's three-page motion,

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2845 AHM<br>United States Bankruptcy Court for the Central District, 09-32456-AA | Date | May 11, 2010 |
|---|---|---|---|
| Title | GRANT AFRICAN METHODIST EPISCOPAL CHURCH OF LOS ANGELES v. LESLIE R. WHITE | | |

On March 31, 2010, Judge Alan Ahart, who presides over the bankruptcy case, held a pre-trial conference. Prior to the conference, Judge Ahart issued a tentative ruling indicating that the pre-trial conference [sic][1] would be dismissed without prejudice on the basis that all but two causes of action appear to be non-core, the defendant does not consent to a jury trial before the bankruptcy court, and the Chapter 11 plan can be confirmed and implemented without waiting for results of this action. Following oral argument, Judge Ahart indicated that he would adhere to his tentative ruling but agreed to continue the pre-trial conference to May 12, 2010 to allow [Debtor] to file and this Court to consider this on [sic] Motion for Withdrawal of Reference from the Bankruptcy Court.

(Motion at 2-3.) Debtor does not provide any further details on the bankruptcy court proceedings before Judge Ahart. The docket in that case reflects only that hearings were held, but does not provide any additional information on what occurred at those hearings.

## I.   AUTHORITY OF BANKRUPTCY COURT AND WITHDRAWAL OF REFERENCE

Bankruptcy judges have the statutory authority to hear and determine "all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred [by the district court], and may enter appropriate orders and judgments . . ." 28 U.S.C. § 157(b)(1). " In general, a 'core proceeding' in bankruptcy is one that 'invokes a substantive right provided by title 11 or . . . a proceeding that, by its nature, could arise only in the context of a bankruptcy case.'" *In re Gruntz,* 202 F.3d 1074, 1081 (9th Cir. 2000) (citing *In re Wood*, 825 F.2d 90, 97 (5th Cir.1987). "'Non-core proceedings' are those not integral to the restructuring of debtor-creditor relations and not involving a cause of action arising under title 11." *Id. See also* 28 U.S.C. § 157(b)(2) (providing non-exhaustive list of matters that constitute "core proceedings").

The power to withdraw reference of a case from bankruptcy court is granted to a district court by 28 U.S.C. § 157(d), which provides that the district court "may

---

[1] Presumably, Debtor meant the action itself, and not the pre-trial conference.

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2845 AHM | Date | May 11, 2010 |
|---|---|---|---|
| | United States Bankruptcy Court for the Central District, 09-32456-AA | | |
| Title | GRANT AFRICAN METHODIST EPISCOPAL CHURCH OF LOS ANGELES v. LESLIE R. WHITE | | |

withdraw, in whole or in part, any case or proceeding referred [to a bankruptcy judge in the district], on its own motion or on timely motion of any party, for cause shown." Factors used to determine whether cause exists to withdraw reference include: (1) efficient use of judicial resources; (2) delay and costs to parties; (3) uniformity of bankruptcy administration; (4) prevention of forum shopping, and (5) other related factors. *Security Farms v. International Bhd. of Teamsters*, 124 F.3d 999, 1008 (9th Cir. 1997). Other factors include the determination that the proceeding is non-core and that a party has not waived its right to a jury trial. *See In re Cinematronics*, 916 F. 2d 1444, 1451 (9th Cir. 1990) ("[W]here a jury trial is required and the parties refuse to consent to bankruptcy jurisdiction, withdrawal of the case to the district court is appropriate.").

## II.    WITHDRAWAL OF THE FIVE NON-CORE CAUSES OF ACTION IS APPROPRIATE

Based on the information provided by Debtor, the Court GRANTS the motion to withdraw[2] the five non-chapter 11 causes of action alleged in the AP, because Defendant has requested a jury trial and did not consent to have the bankruptcy judge preside over the trial.

As to the two "core" claims—claim five for avoidance of transfer under 11 U.S.C. § 544 and claim six for recovery and preservation of avoided transfers pursuant to 11 U.S.C. §§ 550(a), 551—the Court DENIES the motion. Neither party has established that this Court must exercise jurisdiction over those claims, and why referral of those claims to the bankruptcy court is not appropriate.

/ / /

---

[2] Docket No. 1.

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2845 AHM | Date | May 11, 2010 |
|---|---|---|---|
| | United States Bankruptcy Court for the Central District, 09-32456-AA | | |

| Title | GRANT AFRICAN METHODIST EPISCOPAL CHURCH OF LOS ANGELES v. LESLIE R. WHITE |
|---|---|

   Having reached the foregoing result, the Court ORDERS the parties to separately SHOW CAUSE in writing, by not later than May 21, 2010, why this Court should exercise jurisdiction over the state law claims for which the motion has been granted, and why those claims should not be litigated in state court.

   No hearing is necessary.  Fed. R. Civ. P. 78; L. R. 7-15.

                                                                                       :
                              Initials of   Preparer              SMO

cc:  **BK Court**